**Calvin DUNBAR, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 2248.**

Supreme Court of Alaska.

Sept. 9, 1974.

John D. Van Winkle, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for petitioner.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for respondent.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

PER CURIAM.

Calvin Dunbar has filed a petition for review from an order denying his motions to dismiss three criminal cases. He claims his right to speedy trial under Criminal Rule 45 was violated.[1] The three cases in-

---

1. Criminal Rule 45 provides:

(a) The court shall provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings and the trial of defendants in custody shall be given preference over other criminal cases.

(b) A defendant charged with either a felony or a misdemeanor shall be tried with-

in four months from the time set forth in section (c).

(c) The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant,

volved identical issues and were consolidated. The threshold question is whether a petition for review should be granted from

an order denying a motion to dismiss under Rule 45. This case is not unusual; it presents no major issue, constitutional or

whichever is first. The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution ; or

(2) If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of mistrial, order granting a new trial, or remand.

(d) The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

(2) The period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel. The court shall grant such a continuance only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a. speedy trial under this rule and of the effect of his consent.

(3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:

(a) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

(b) The continuance is granted to allow the prosecuting attorney in a felony case additional time to prepare the state's case and

additional time is justified because of the exceptional complexity of the particular case.

(4) The period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his whereabouts are unknown and in addition he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resists being returned to the state for trial.

(5) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases, the defendant shall be granted a severance in order that he may be tried within the time limits applicable to him.

(6) The period of delay resulting from detention of the defendant in another jurisdiction provided the prosecuting attorney has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial. When the prosecution is unable to obtain the presence of the defendant in detention, and seeks to exclude the period of detention, the prosecution shall cause a detainer to be filed with the official having custody of the defendant and request the official to advise the defendant of the detainer and to inform the defendant of his rights under this rule.

(7) Other periods of delay for good cause.

(e) In the event the court decides any motion brought pursuant to this rule, either to continue the time for trial or to dismiss the case, the reasons underlying the decision of the court shall be set forth in full on the record.

(f) Failure of a defendant represented by counsel to move for dismissal of the charges under these rules prior to plea of guilty or trial shall constitute waiver of his rights under this rule.

(g) If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense charged and for any other lesser included offense within the offense charged.

otherwise. Dunbar simply disagrees with the trial court's manner of counting the excluded days under Rule 45(d).

We must be guided by the over-all purpose of Rule 45 to secure speedy trials. The rule has already proved to be a prolific source of litigation regarding the counting of the days included in and excluded from the four-month period. If we granted review in this case, we would be encouraging similar petitions in every case where the trial court denies a Rule 45 motion to dismiss. Such pre-trial review would necessarily result in extensive delays frustrating the manifest purpose of Rule 45.

Petition for review denied.